**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | |
|---|---|
| LINDSEY MORGAN CRAMER, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CIVIL ACTION NO. |
| | : 2:10-CV-0159-RWS |
| BOJANGLES' RESTAURANTS, | : |
| INC., | : |
| | : |
| Defendant. | : |
| | : |

## **ORDER**

This case is before the Court for consideration of the Report and Recommendation [88] of Magistrate Judge Susan S. Cole. After reviewing the Report and Recommendation, the Objections [89] of Plaintiff, and Defendant's Response [90] to the Objections, the Court enters the following Order.

In the Report and Recommendation, Judge Cole recommends that Defendant's Motion for Summary Judgment be granted. The linchpin of her recommendation is a finding that "a reasonable jury could not find that Defendant had actual notice of Plaintiff's complaint of sexual harassment before the March 19, 2010 incident." R&R [88] at 29.

The alleged sexual harassment occurred while Plaintiff was employed at the Bojangles Restaurant in Dawsonville, Georgia.  Construing the facts in a light most favorable to Plaintiff, a co-worker, Olbin Fernando Funez ("Funez"), made inappropriate, graphic sexual comments to Plaintiff and propositioned her for sexual activity on several occasions prior to March 19, 2010.  After each incident, Plaintiff reported to Sajid Akhtar ("Akhtar"), the Unit Director at the restaurant, that Funez had said "nasty" things to her and asked Akhtar to make Funez stop.  Each time, Akhtar told Plaintiff that Funez was a "nice guy," that she should just ignore him and push him away, and that if she did, Funez would leave her alone.  Akhtar did not intervene with Funez concerning his conduct.

In the Report and Recommendation, Judge Cole found that Plaintiff's complaints did not provide actual notice to Defendant of sexual harassment.  In her Objections, Plaintiff takes issue with this finding and specifically challenges the interpretation given to the word "nasty" in the Report and Recommendation.  Plaintiff argues that Akhtar should have realized that Plaintiff's reference to "nasty" comments meant that the comments were sexually suggestive.  Accepting Plaintiff's position would not alter the outcome of the case.  The use of sexually suggestive language does not necessarily rise to the level of sexual

AO 72A
(Rev.8/82)

harassment. See Oncale f. sundowner Offshore Services, Inc., 523 U.S. 75, 81 (1998)("intersexual flirtation" may not constitute sexual harassment). Plaintiff's failure to provide Akhtar with specifics denied him the information necessary to make an appropriate evaluation of her situation.[1] Based on the limited information available to the employer prior to March 19, the Court agrees with the conclusion that a jury could not have found that Defendant had actual knowledge of the sexually harassing conduct by Funez.

As stated above, this conclusion undergirds many of the findings in the Report and Recommendation. Having reached this conclusion, the Court necessarily agrees with the conclusions that follow from it. The Court has also reviewed the other findings in the Report and Recommendation that have been challenged by Plaintiff, and the Court adopts said findings and concludes that the issues have been adequately addressed in the Report and Recommendation.

Based on the foregoing, the Report and Recommendation is received with

---

[1] The Court appreciates Plaintiff being "an inexperienced and church-going young woman," who was "uncomfortable repeating Funez's vulgar comments." Pl.'s Objections [89] at 4, n. 11. However, she apparently was willing to recount the specifics of the event to her co-worker Ethan Collins. Pl.'s Am. Statement of Material Disputed Facts [82-1] at ¶¶ 15-21. By not providing this same level of detail to Akhtar, it is mere speculation to suggest Defendant would have taken no action had it had this information.

AO 72A
(Rev.8/82)

approval and adopted as the Opinion and Order of this Court. Accordingly, Defendant's Motion for Summary Judgment, as Amended [59 and 81] is hereby **GRANTED**, Plaintiff's claims are **DISMISSED**.

   **SO ORDERED**, this  6th  day of March, 2012.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE